UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| ANTHONY E. WILLIAMS, | : | Case No. 1:25-CV-1 |
| Plaintiff, | : | |
| vs. | : | District Judge Matthew W. McFarland |
| | : | Magistrate Judge Kimberly A. Jolson |
| SGT. FRANKLIN, | : | |
| Defendant. | : | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an Ohio prisoner currently housed at the Ross Correctional Institution in Chillicothe, Ohio, brings this *pro se* civil rights action under 42 U.S.C. § 1983. (*See* Docs. 1-1; 1-2). Plaintiff sues Defendant Sgt. Franklin for allegedly subjecting him to excessive force while Plaintiff was housed at the Hamilton County Justice Center (HCJC), in Cincinnati, Ohio, in January 2024. (Doc. 1-1). Although not specified in the Complaint, it appears that Plaintiff was a pretrial detainee at that time.[1]

Plaintiff filed this action on January 2, 2025. (Doc. 1). But his request to proceed *in forma pauperis* was deficient. Specifically, Plaintiff did not file a certified copy of his prisoner trust fund account, and several pages of his motion were missing. (Doc. 2). So, the Court issued a deficiency order and gave Plaintiff thirty days to fix these issues. (*Id.*). Before that deadline, Plaintiff filed a

---

[1] *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A829627 (indicating that Plaintiff was sentenced to his current term of imprisonment in July 2024); Hamilton County Court of Common Pleas Case Nos. B2304341; B2400196; B2400924 (containing electronic copies of the July 2024 Judgment Entries) (viewed at https://www.courtclerk.org/ (under Plaintiff's name and case numbers)). "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 477 F.2d 75, 82-83 (6th Cir. 1969)).

revised motion, but once more, he did not file certain pages or provide a certified copy of his trust fund account statement. (Docs. 3, 4). Again, the Court gave him thirty days to file a revised motion. (Doc. 5). Plaintiff did so on March 10, 2025, (Doc. 6), and by separate Order, he has been granted leave to proceed *in forma pauperis*.

Now, this matter is before the Court for a *sua sponte* review of the Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## I. SCREENING OF THE COMPLAINT

### A. Legal Standard

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to conduct an initial screen of his Complaint, (Doc. 1-1). 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the Complaint in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

2

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court must construe a *pro se* complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even so, a *pro se* complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). In other words, a *pro se* "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

### B. Allegations

Plaintiff alleges that, while at the HCJC on January 9, 2024, Defendant Sgt. Franklin tackled him to the ground at approximately 11:15 a.m., in the South Sally Port. (Doc. 1-1 at 5). According to Plaintiff, Defendant tackled him even though he had his hands in the air "as a show of surrendering." (*Id*.). Plaintiff's wrist, right knee, finger, and right rotator cuff were injured as a result. (*Id*). For this incident, Plaintiff seeks monetary and declaratory relief. (*Id.* at 6).

### C. Analysis

Liberally construing his Complaint, *see Erickson*, 551 U.S. at 94, the Court understands Plaintiff to be alleging that Defendant violated his right to be free from excessive force while detained at the HCJC. Because it appears that Plaintiff was a pretrial detainee at the time of the alleged incident, "the Fourteenth Amendment's more generally applicable Due Process Clause

governs to bar a governmental official's excessive use of force." *Johnston v. Hamilton Cnty. Just. Ctr.*, No. 1:18-CV-864, 2021 WL 534601, at *10 (S.D. Ohio Feb. 11, 2021) (quoting *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2014)). At this point, without the benefit of an Answer or briefing by the parties, the Undersigned concludes that Plaintiff's Fourteenth Amendment excessive-force claim may proceed for further development at this juncture against Defendant in an individual capacity.[2]

But Plaintiff has failed to state a claim against Defendant in an official capacity. In reality, a claim against Defendant in his official capacity is a claim against Hamilton County. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58 (1989); *Kentucky v. Graham,* 473 U.S. 159 (1985); *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658 (1978); *see also Aladimi v. Hamilton Cnty. Just. Ctr.*, No. 1:09-CV-398, 2012 WL 292587, at *10 (S.D. Ohio Feb. 1, 2012), *report and recommendation adopted*, No. 1:09-CV-398, 2012 WL 529585 (S.D. Ohio Feb. 17, 2012) ("To the extent that Plaintiff has identified three jail employees in their "official" capacities, his claims are against Hamilton County itself."). Plaintiff fails to state a claim for relief against Hamilton County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983. *Gregory v. Shelby Cnty.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). Because Plaintiff has failed to plausibly suggest that his rights were violated by a custom or policy of Hamilton County, as would be required to hold Defendant liable in an official capacity, any official capacity claims in this case are subject to dismissal. *See Monell,* 436 U.S. at 690; *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) ("A plaintiff asserting a section 1983 claim on the basis of a municipal custom or policy

---

[2] The Court advises Plaintiff that this is only a preliminary determination. The Court has not determined the merits of the claims or any potential defenses, nor is Defendant precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

must 'identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy.'") (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

On a final note, the service documents provided by Plaintiff, (Doc. 1-3), do not include Defendant Sgt. Franklin's first name. Plaintiff is therefore **ORDERED** to submit to the Court within **thirty (30) days of the date of this Order and Report and Recommendation** updated U.S. Marshal and summons forms that include Defendant's first name, if Plaintiff knows it. The Clerk is **DIRECTED** to send Plaintiff blank forms to do so. If the Court does not receive updated forms within this timeframe, it will order service using the forms previously provided by Plaintiff.

## II. CONCLUSION

At this juncture, Plaintiff may proceed on his Fourteenth Amendment excessive-force claim against Defendant in his individual capacity, based on the events of January 9, 2024, at the HCJC. Any official capacity claims against Sgt. Franklin, though, should be dismissed without prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *see O'Neill v. Adams Cnty. Jail*, No. 1:23-CV-200, 2024 WL 3754879, at *8 (S.D. Ohio Aug. 12, 2024) (citing *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment.") (cleaned up)).

The Clerk is **DIRECTED** to send Plaintiff a blank set of U.S. Marshal and summons forms. If Plaintiff knows Defendant's first name, he is **ORDERED** to complete the forms with Defendant's full name and return them to the Court **within thirty (30) days of the date of this Order and Report and Recommendation**. If he does not do so, the Court will order service using his previously submitted forms.

5

**IT IS THEREFORE RECOMMENDED THAT:**

The Court **DISMISS WITHOUT PREJUDICE** any official capacity claims against Defendant for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff may **PROCEED** on his Fourteenth Amendment excessive-force claim against Defendant Sgt. Franklin in his individual-capacity.

2. Within **thirty (30) days of the date of this Order**, Plaintiff **SHALL** submit updated U.S. Marshal and summons forms that include Defendant Sgt. Franklin's first name, to the extent that Plaintiff knows it.

3. The **Clerk of Court** is **DIRECTED** to provide Plaintiff with a U.S. Marshal form and summons form for this purpose. If the Court does not receive updated forms within the provided **thirty (30) days**, the Court shall order service of process in this case using the forms previously provided by Plaintiff. (Doc. 1-3).

4. Plaintiff shall inform the Court promptly of any changes to his address which may occur during the pendency of this lawsuit.

5. Plaintiff shall serve upon Defendant or, if an appearance has been entered by counsel, upon Defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate of service stating the date a true and correct copy of any document was mailed to Defendant or Defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Date: April 1, 2025           /s/ Kimberly A. Jolson
                              KIMBERLY A. JOLSON
                              UNITED STATES MAGISTRATE JUDGE

## PROCEDURE ON OBJECTIONS

Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).