UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| ANTHONY E. WILLIAMS, | : | Case No. 1:25-cv-1 |
| Plaintiff, | : | |
| | : | District Judge Matthew W. McFarland |
| vs. | : | Magistrate Judge Kimberly A. Jolson |
| SGT. FRANKLIN, *et al.*, | : | |
| Defendants. | : | |

**ORDER AND SUPPLEMENTAL REPORT AND RECOMMENDATION**

Plaintiff's Amended Complaint (Doc. 11) is before the Court. For the following reasons, he **MAY PROCEED** on his Fourteenth Amendment excessive-force claim against Defendant Franklin in his individual capacity. But the Undersigned **RECOMMENDS** that Plaintiff's official-capacity claims against Defendant Franklin and Plaintiff's claims against the HCJC be **DISMISSED**.

**I. BACKGROUND**

On January 2, 2025, Plaintiff, an Ohio prisoner currently housed at Ross Correctional Institution, commenced this action under 42 U.S.C. § 1983 against Defendant Sgt. Franklin for allegedly using excessive force against him while Plaintiff was housed at the Hamilton County Justice Center (HCJC) in Cincinnati, Ohio. (*See* Doc. 1; *see also* Doc. 9 at 1 n.1).

On April 1, 2025, after Plaintiff corrected some deficiencies with his initial filings, he was granted leave to proceed *in forma pauperis*. (Doc. 7). The Undersigned also issued an Order and Report and Recommendation permitting Plaintiff to proceed on his Fourteenth Amendment

excessive-force claim against Defendant Franklin in his individual capacity, but recommending that any official-capacity claims against Sgt. Franklin be dismissed without prejudice for failure to state a claim upon which relief could be granted. (Doc. 9 at 6). In doing so, the Undersigned explained that an official-capacity claim against Sgt. Franklin was actually a claim against Hamilton County, and Plaintiff failed to allege that he was injured by a county custom or policy, as required to establish liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). (*Id*. at 4–5). The Undersigned also directed Plaintiff to submit updated service forms that included Defendant Sgt. Franklin's first name, if Plaintiff knew it. (*Id*. at 5–6). On April 28, 2025, the Order and Report and Recommendation was adopted in its entirety by the District Judge. (Doc. 10 (adopting Doc. 9)).

After that, Plaintiff filed an Amended Complaint, which initially was used to open a new lawsuit. The filing was docketed in this case on May 5, 2025. (Doc. 11). The Amended Complaint duplicates the original Complaint, with a few handwritten additions. Specifically, it indicates that Plaintiff wishes to proceed against Defendant Franklin in both his individual and official capacities and to name the HCJC as a second Defendant. (*Id.* at 3). The substance of Plaintiff's allegations, however, is unchanged. (*See id*.). Plaintiff also submitted a new summons form but says that he does not know Defendant Franklin's first name (Doc. 11-1; Doc. 11 at 3).

Where, as here, a responsive pleading has yet to be filed, a plaintiff may amend a complaint once as a matter of course. *See* Fed. R. Civ. P. 15(a). Therefore, Plaintiff may amend without leave of Court. *See id*. The Amended Complaint is the operative complaint and supersedes Plaintiff's original Complaint for all purposes. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013); *see also Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009).

2

Now, the Undersigned screens the Amended Complaint (Doc. 11) to determine whether any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See*, 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**II.    STANDARD**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to conduct an initial screen of his Amended Complaint (Doc. 11). 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2). The Court must dismiss the Amended Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the Amended Complaint in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the Amended Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). But a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

The Court also must construe a *pro se* complaint liberally and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a *pro se* complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a *pro se* "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

### III. SCREEN OF THE AMENDED COMPLAINT

As stated, the allegations in the Amended Complaint are duplicative of those contained in the original Complaint. Plaintiff says that, while at the HCJC on January 9, 2024, Defendant Sgt. Franklin tackled him to the ground at approximately 11:15 a.m., in the South Sally Port. (Doc. 11 at 3). According to Plaintiff, Defendant Franklin tackled him even though he had his hands in the air "as a show of surrendering." (*Id.*). Plaintiff's wrist, right knee, finger, and right rotator cuff were injured as a result. (*Id*). For this incident, Plaintiff seeks monetary and declaratory relief. (*Id.* at 4).

Construing Plaintiff's Amended Complaint liberally as it is required to do, the Court understands Plaintiff to be alleging that Defendant Franklin violated his right to be free from excessive force while detained at the HCJC. Because it appears that Plaintiff was a pretrial detainee at the time of the alleged incident, "the Fourteenth Amendment's more generally applicable Due Process Clause governs to bar a governmental official's excessive use of force." *Johnston v. Hamilton Cnty. Just. Ctr.*, No. 1:18-CV-864, 2021 WL 534601, at *10 (S.D. Ohio Feb. 11, 2021) (quoting *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2014)). At this point, without the benefit of an Answer or briefing by the parties, the Undersigned once again concludes that Plaintiff's Fourteenth Amendment excessive-force claim may proceed for further development

4

against Defendant Franklin in an individual capacity. This is only a preliminary determination. The Court has not ruled on the merits of the claims or potential defenses. Nor is Defendant precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20-CV-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

But Plaintiff has failed to state a claim against Defendant Franklin in an official capacity. As previously stated, a claim against Defendant Franklin in his official capacity is, in reality, a claim against Hamilton County. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58 (1989); *Kentucky v. Graham,* 473 U.S. 159 (1985); *Monell,* 436 U.S at 690; *Aladimi v. Hamilton Cnty. Just. Ctr.*, No. 1:09-CV-398, 2012 WL 292587, at *10 (S.D. Ohio Feb. 1, 2012), *report and recommendation adopted*, No. 1:09-CV-398, 2012 WL 529585 (S.D. Ohio Feb. 17, 2012) ("To the extent that Plaintiff has identified three jail employees in their "official" capacities, his claims are against Hamilton County itself."). Plaintiff fails to state a claim for relief against Hamilton County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983. *Gregory v. Shelby Cnty.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). Because Plaintiff fails to plausibly suggest that his rights were violated by a custom or policy of Hamilton County, as would be required to hold Defendant Franklin liable in an official capacity, Plaintiff's official-capacity claim against Defendant Franklin should be dismissed. *See Monell,* 436 U.S. at 690; *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) ("A plaintiff asserting a section 1983 claim on the basis of a municipal custom or policy must 'identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy.'") (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Nor has Plaintiff stated a claim for relief against the HCJC.  Under § 1983, "[e]very *person* who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]"  42 U.S.C. § 1983 (emphasis added).  A county jail is not a "person" subject to suit under § 1983.  *Marbry v. Corr. Med. Servs.,* No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000); *see also Aladimi*, 2012 WL 292587, at *7 (finding that the Hamilton County Justice Center was not a person subject to suit).  And even if the Court were to liberally construe the claims against the HCJC as against Hamilton County itself, Plaintiff does not allege he was injured pursuant to a County custom or policy.  *See Monell.*, 436 U.S. at 694.  Therefore, the Amended Complaint should be dismissed as against the HCJC.

### IV.    CONCLUSION

At this juncture, Plaintiff may **PROCEED** on his Fourteenth Amendment excessive-force claim against Defendant Sgt. Franklin in his individual capacity, based on the events of January 9, 2024, at the HCJC.  But Plaintiff's official-capacity claims against Defendant Franklin should be **DISMISSED without prejudice**, and Plaintiff's claims against the HCJC should be **DISMISSED with prejudice**, for failure to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

### IT IS THEREFORE RECOMMENDED THAT:

1.    The Court **DISMISS WITHOUT PREJUDICE** Plaintiff's official-capacity claims against Defendant Franklin and **DISMISS WITH PREJUDICE** Plaintiff's claims against the HCJC for failure to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff **MAY PROCEED** on his Fourteenth Amendment excessive-force claim against Defendant Sgt. Franklin in his individual-capacity.

2. According to a 2021 agreed procedure between the Court and the Hamilton County Prosecutor's Office, the United States Marshal shall serve a copy of Plaintiff's Amended Complaint (Doc. 11), the initial summons provided by Plaintiff (Doc. 1-3), a waiver of service of process form, and this Order and Report and Recommendation upon Defendant Sgt. Franklin **by regular U.S. Mail**, with such mail directed to the following address:

> **Steve Simon, Esq.**
> **Chief Assistant Prosecuting Attorney**
> **Hamilton County Prosecutor's Office**
> **230 E. 9th Street, Suite 4000**
> **Cincinnati, OH 45202**

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: June 3, 2025                         /s/ Kimberly A. Jolson
                                           Kimberly A. Jolson
                                           United States Magistrate Judge

**PROCEDURE ON OBJECTIONS**

Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served

with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).